930 F.2d 1070
 Ira WALLACH, Terrance O'Malley, Lewis Fretz,
v.
Stanley BREZENOFF, Executive Director of the Port of New
York Authority, Ira Wallach and Terrance O'Malley,
Appellants.
 No. 90-5980.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third
Circuit Rule 12(6)
 April 11, 1991.
 Decided April 23, 1991.
 
 Carl E. Ring, Union City, N.J., for appellants.
 Hugh H. Welsh, Atty. for the Port Authority, Jersey City, N.J., for appellee.
 Before SLOVITER, Chief Judge, COWEN and GARTH, Circuit Judges
 OPINION OF THE COURT
 SLOVITER, Chief Judge.
 
 I.
 
 1
 Appellants, citizens of New Jersey who are irate over the action of the Port Authority of New York and New Jersey increasing from $2.00 to $3.00 the toll for the use of the bridges and tunnels over the Hudson River which separates New Jersey from the Manhattan portion of New York, initiated what has become the great American pastime for our disaffected citizenry. They filed a lawsuit in federal court claiming that the action to which they object is unconstitutional. Plaintiffs sought to enjoin permanently the Executive Director of the Port Authority of New York and New Jersey (Port Authority) from increasing tolls for the Holland and Lincoln Tunnels and the George Washington Bridge, claiming that the Port Authority's April, 1987 toll increase, and any further toll increases, violate their constitutional right to travel freely between the states and to due process and equal protection, and violate the requirement of the Federal-Aid Highway Act that all tolls be just and reasonable. The district court denied plaintiffs' motion for summary judgment and granted a cross-motion for summary judgment in favor of the defendant. Although plaintiffs expressly relied in their motion for summary judgment on the facts established at trial in Automobile Club of New York, Inc. v. Port Auth. of New York and New Jersey, 706 F.Supp. 264 (S.D.N.Y.1989), and Automobile Club of New York, Inc. v. Port Auth. of New York and New Jersey, 887 F.2d 417 (2d Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 2168, 109 L.Ed.2d 497 (1990) ("Auto Club " cases), and those courts rejected a similar challenge to the same toll increase, plaintiffs have chosen to prolong this litigation by appealing. On appeal, plaintiffs raise only the constitutional issues. Our review from the grant of summary judgment is plenary.
 
 II.
 
 2
 The facts are largely undisputed. The Port Authority of New York and New Jersey is an agency of the two states created by a congressionally approved interstate compact. See N.Y.Unconsol.Law Sec. 6401 et seq. (McKinney 1979); N.J.Stat.Ann. Sec. 32:1-1 et seq. (West 1990); Act of Aug. 23, 1921, ch. 77, 42 Stat. 174 (1921). The Port Authority operates an Interstate Transportation Network consisting of four bridges, two tunnels, a bus terminal, and the Port Authority Trans-Hudson Corporation (PATH). It was established during the course of the Auto Club trial that the "efficient and cost-effective functioning of the Port Authority's Interstate Transportation facilities mandate[s] their maintenance and operation as an integrated interdependent transportation system," 706 F.Supp. at 279, and that closing one or more of the cross-Hudson facilities would result in a "spillover" of users of that facility, increasing congestion in the other cross-Hudson facilities. Id. at 279-80.
 
 
 3
 On April 12, 1987, as a result of rising maintenance costs accompanied by major capital requirements of the Port Authority Interstate Transportation Network, the Port Authority Board of Commissioners, pursuant to its statutorily granted powers, raised the tolls on the Port Authority's bridges and tunnels, and raised the fare on PATH. Round trip auto tolls were increased from $2.00 to $3.00, truck tolls were increased from $1.50 to $3.00 per axle, and the price of a twenty-ticket commuter discount ticket book rose from $20.00 to $40.00. The one-way PATH fare was increased from $.75 to $1.00. Id. at 281.
 
 
 4
 In rejecting the contention of the Automobile Club of New York, Inc. and the AAA Clubs of New Jersey that the bridge toll increase violated the "just and reasonable" standard required under the Federal-Aid Highway Act, 33 U.S.C. Sec. 508 (1988) and the Commerce Clause of the Constitution, the New York district court concluded that the bridge and tunnel tolls and PATH fares constituted "a rounded, sound and informed judgment." Auto Club, 706 F.Supp. at 268. The court specifically determined that, "as a factual matter bridge users do benefit from [the Port Authority's] investment in the related non-bridge [Interstate Transportation Network] facilities such as PATH." Id. at 269. The court found that consideration of PATH's finances "was both reasonable and necessary on at least two major grounds: first, were PATH to be eliminated, a replacement would be necessary to maintain the integrated system, and second, a replacement would run the Port Authority into a larger expense than the PATH deficit." Id. at 270.
 
 
 5
 In addition, and particularly applicable to one of the constitutional issues here, the court rejected the contention that imposition of tolls that generate revenues in excess of those necessary to construct, operate and maintain its bridges, tunnels and terminals constituted an undue burden on interstate commerce in violation of the Commerce Clause. The court determined that the toll "serves a legitimate local purpose, it almost certainly does not have anything more than an incidental effect on interstate commerce (since it does not interfere with a whole host of other means of access to the city), and plaintiffs suggest no alternatives to the toll which would not also have an effect on interstate commerce." Id. at 277.
 
 
 6
 The Court of Appeals for the Second Circuit affirmed the district court's determination that the Port Authority's bridges, tunnels, PATH and bus terminal facilities were sufficiently functionally related to justify PATH's toll-rate base in computing the rate-base for the entire trans-Hudson system, thereby rendering the toll increase "just and reasonable" within the meaning of the Federal-Aid Highway Act. Auto Club, 887 F.2d 417 (2d Cir.1989).
 
 
 7
 In granting summary judgment for the defendant, the district court in this case agreed with the holding of the Second Circuit. Plaintiffs strenuously reassert here their claims that the toll increase of 1987 violates a constitutional right to travel and that it is an unconstitutional tax on interstate commerce. They base both claims on the assertion that no toll increase was necessary to finance the maintenance or costs of the Port Authority's bridges and tunnels, an assertion rejected by the opinions and findings of fact expressed in the Auto Club cases on which they relied.
 
 
 8
 In arguing that the toll increase was (and is) an abridgment of the constitutional right to pass freely from state to state plaintiffs refer to Crandall v. Nevada, 73 U.S. (6 Wall) 35, 18 L.Ed. 745 (1868), a case holding that a direct tax imposed upon passengers for the privilege of leaving Nevada was unconstitutional because it interfered with the right to travel. More recently, however, the Supreme Court has distinguished Crandall, holding that a tax designed merely to impose upon an interstate traveller the traveller's fair share of the government's costs in maintaining the public facility used is not an unconstitutional burden on the constitutionally guaranteed right to travel. Evansville-Vanderburgh Airport Auth. Dist. v. Delta Airlines, 405 U.S. 707, 712-14, 92 S.Ct. 1349, 1353-54, 31 L.Ed.2d 620 (1972). The Court in Evansville devised a three-prong test for determining when a user fee impermissibly burdens a citizen's constitutionally protected right to travel: whether the toll (1) discriminates against interstate travellers, (2) represents a fair approximation of the use conferred on those who pay, and (3) is excessive in relation to the costs incurred. Id. at 717-20, 92 S.Ct. at 1355-57.
 
 
 9
 The district court in this case applied each of these tests. First, the court observed that both New York and New Jersey residents pay the same amount of money to cross the Hudson River as do residents of other states, concluding that the toll does not discriminate against interstate commerce and travel. Next, the district court found that the toll increases represented a fair approximation of the use conferred. This conclusion follows logically once it is accepted that it is proper to include PATH in the rate base for the Port Authority's Interstate Transportation Network, and that the rate of return for the Port Authority is not excessive. See Auto Club, 706 F.Supp. at 283-84. Third, the district court determined that the tolls are not excessive in relation to the costs of the Port Authority's Interstate Transportation Network as a whole. Indeed, we see no dispute by appellants that the tolls in place before the increase were inadequate to operate the interstate system of tunnels, bridges, the bus terminal and PATH and also finance a necessary capital program, nor that the river crossing system as a whole gets only a fair rate of return on its service. We find the district court's conclusion unassailable based on the facts which are undisputed.
 
 
 10
 Appellants also assert that the toll increase is an unconstitutional tax on interstate commerce. We reject that contention for the reasons given by the district court in the Auto Club case. See Auto Club, 706 F.Supp. at 277. That court applied the three-part test derived from Hughes v. Oklahoma, 441 U.S. 322, 336, 99 S.Ct. 1727, 1736, 60 L.Ed.2d 250 (1979), to determine if the toll increases were valid under the Commerce Clause: (1) whether the challenged toll increase had only incidental effects on interstate commerce, or discriminated against interstate commerce on its face or in practical effect, (2) whether the toll increase serves a legitimate local purpose, and (3) whether alternative means were available to promote this purpose without discriminating against interstate commerce.
 
 
 11
 Plaintiffs have failed to provide any basis to support their claim that this test has not been satisfied. The additional findings of fact contained in the Auto Club opinion to which they refer, see 706 F.Supp. at 278-83, support the district court's determination that the 1987 toll increase did not offend the Commerce Clause.
 
 III.
 
 12
 Having concluded that plaintiffs have failed to present any basis to support their claim that the Port Authority's 1987 toll increase offended either a constitutionally protected right to travel or the Commerce Clause, we will affirm the judgment of the district court granting summary judgment for the defendant.[1]
 
 
 
 [1]
 We note that plaintiffs counsel has taken umbrage at the remarks of the district court that this suit is frivolous in light of the rejection of an identical attack by a respected appellate court. In response, counsel has included in the appendix letters to him either congratulating him for some legal victory or from public persons acknowledging some letter or information that he provided. These letters are irrelevant to the matters at issue and will be stricken. We have no basis to doubt the personal and professional integrity of counsel, but the legal merit of the claims asserted, which we agree with the district court are baseless, cannot depend on the reputation of counsel who asserts them